UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HEATHER RAMIREZ,                            )<br>                                                            )<br>            Plaintiff,                            )<br>                                                            )<br>        vs.                                              )<br>                                                            )<br>SUPERVALU, INC. et al.,                  )<br>                                                            )<br>            Defendants.                       )<br>_____)| 2:13-cv-00204-RCJ-PAL<br><br>**ORDER** |

This is a slip-and-fall case removed from state court.  Pending before the Court is a Motion to Remand (ECF No. 6).  For the reasons given herein, the Court denies the motion.

**I.      FACTS AND PROCEDURAL HISTORY**

On or about July 31, 2012, Plaintiff Heather Ramirez slipped in a puddle of water at the Albertson's grocery store at 5975 W. Tropicana Ave. in Las Vegas, Nevada, injuring her left knee. (Compl. ¶ 10, Jan. 2, 2013, ECF No. 1, at 10).  Plaintiff sued New Albertson's, Inc. and Supervalu, Inc. for negligence in state court, praying for general and special damages, lost wages, fees, and costs, but she does not appear to have prayed for punitive damages. (*See id.* 4). Defendants removed.

**II.     LEGAL STANDARDS**

Assuming complete diversity, federal courts have jurisdiction over state claw claims where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).  Where a complaint specifies no precise amount of damages, a removing defendant bears the burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Sanchez v.*

*Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996).

## III.   ANALYSIS

The Court is not convinced by a preponderance of the evidence that the amount in controversy exceeds $75,000.  The question is not necessarily answered by the amount prayed for in a complaint.  In Nevada, a plaintiff must include a recital seeking more than $10,000 in order to invoke the general jurisdiction of the district court and avoid the limited jurisdiction of the justice court, whether the plaintiff in fact seeks $10,000.01 or $10,000,000,000.  That number is therefore meaningless to the amount-in-controversy for the purposes of a diversity analysis.  Nor are settlement offers relevant in-and-of-themselves (because they represent negotiations that may be unreasonable), although particular claims of damages included therein are relevant just as if such information were in a pleading; in other words, there must be some evidence of reasonableness apart from a bare demand of a settlement amount. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 440 (9th Cir. 2002).  The ultimate question is whether it is more probable than not that the plaintiff will recover more than $75,000 in damages, fees, and costs if she prevails on the theories alleged in her complaint.

In response, Defendants produce, as Exhibit A, a settlement demand letter from Plaintiff's counsel, in which Plaintiff states her initial offer of $150,000 based upon $3785 of verified medical expenses, plus expected expenses of $37,500 to $50,500 for completed but not yet billed surgery and tests, as well as expected costs of future rehabilitation.  These were Plaintiff's "low end" estimations.  Plaintiffs therefore claimed approximately $54,285 (without counting emotional damages, lost wages, loss of earning capacity, and life care costs, as also prayed for in the complaint) and noted they were unable to finalize an estimation of the medical bills, but that they based the $150,000 demand upon the estimation of all bills.  Defendants have shown by a preponderance of the evidence that more than $75,000 is at stake in this case.  It is more likely than not that emotional damages, lost wages, loss of earning capacity, and future case

costs, if granted, will exceed $20,715.

The Court rejects Plaintiff's argument that because she had only incurred $3785 in actual bills as of the time of removal, that this controls the amount in controversy. The question is the total amount of harm allegedly caused, including past damages for which no bills yet exist, future damages, and non-economic damages.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 6) is DENIED.

IT IS SO ORDERED.

Dated this 25th day of March, 2013.

_____
ROBERT C. JONES
United States District Judge